UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SELGRIL S.A.,

                                Plaintiff,

         vs.

M/V MEDI ZUOZ and her appurtenances, bunkers and other property, *in rem*,

                              Defendant.

ADMIRALTY

CASE NO. _____

## VERIFIED COMPLAINT

Plaintiff Selgril S.A. ("Plaintiff" or "Selgril"), by and through its attorneys, Herbert Smith Freehills New York LLP, as and for its Verified Complaint against defendant the *M/V Medi Zuoz* (the "Vessel"), her appurtenances, bunkers and other property, alleges as follows:

### Subject Matter Jurisdiction

1. This is an admiralty or maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 U.S.C. § 1333. This Court has *in rem* jurisdiction pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule C"), as well as 46 U.S.C. § 31342 and 46 U.S.C. § 31301(4) because, as described below, Plaintiff Selgril supplied necessaries including marine fuel bunkers to the Vessel in response to orders from the Vessel's owner and/or authorized agent, and has a maritime lien in connection therewith. By this action, Selgril seeks to enforce its maritime lien against the Vessel and obtain payment for the goods and services it supplied.

**Parties**

2. Plaintiff Selgril, a/k/a AMD Uruguay, is a foreign company duly organized and operating under the laws of Uruguay, with a place of business at Rincon 540 1er Piso, Esc 102, Montevideo, Uruguay.

3. Defendant, the *M/V Medi Zuoz* (*i.e.*, the Vessel), is a bulk cargo carrier flying the Luxembourg flag.

4. On information and belief, during the time period relevant to this action, non-party Nordia Bulk A/S Ltd. Trust Company ("Nordia Bulk") was the owner and/or authorized agent of the Vessel, and was a foreign limited liability corporation with a place of business at Lemos International Center, 25-29 Karneadou Str., Athens, Greece. However, on further information and belief, Nordia Bulk has since been dissolved.

**Facts**

5. Plaintiff Selgril is a Uruguay-based provider of maritime services, including marine fuel supply, at the Port of Montevideo located in Montevideo, Uruguay.

6. Between October 26-30, 2018, the Vessel was docked at the service zone area in the Port of Montevideo.

7. On or about October 29, 2018, Nordia Bulk, on behalf of the Vessel, requested that Selgril supply the Vessel with approximately 200 MT of marine fuel bunkers (IFO 380). Nordia Bulk further agreed that any maritime agency expenses incurred by Selgril in connection with the supply of marine fuel bunkers to the Vessel would be for the account of Nordia Bulk and/or the Vessel.

8. On or about October 29, 2018, Selgril supplied the Vessel with 200.064 MT of marine fuel bunkers.

9. On November 1, 2018, Selgril issued its invoice for supply of the marine fuel bunkers to Nordia Bulk, in the amount of $134,037.70 (the "Fuel Supply Invoice"). True and correct copies of the Fuel Supply Invoice and bunker delivery receipt are attached hereto as Exhibit A.

10. In connection with Selgril's supply of marine fuel bunkers to the Vessel, Selgril further incurred maritime agency expenses (including port charges, launch services, watchmen services, provisions, sundry charges, and agency fees) for services provided by the port facility to the Vessel, for the account of the Nordia Bulk and/or the Vessel.

11. On December 4, 2018, Selgril issued its invoice for these maritime agency expenses to Nordia Bulk, in the amount of $6,268.23 (the "Maritime Agency Expense Invoice"; with the Fuel Supply Invoice, the "Invoices"). A true and correct copy of the Maritime Agency Expense Invoice is attached hereto as Exhibit B.

12. Neither Nordia Bulk, the Vessel, nor anyone acting on their behalf objected to the Invoices.

13. Both of the Invoices are past due. Though demanded, no part of the $140,305.93 due under the Invoices has been paid.

## Rule C Allegations

14. Plaintiff Selgril has a valid maritime lien against the Vessel pursuant to 46 U.S.C. § 31342 because it supplied the Vessel with "necessaries" within the meaning of 46 U.S.C. § 31301(4), including 200.064 MT of marine fuel bunkers, and incurred maritime agency expenses for services provided at the service zone area in the Port of Montevideo to the Vessel in connection therewith. These goods and services were provided to the Vessel pursuant to the direct authorization of the Vessel's owner and/or agent, Nordia Bulk.

15.     Selgril relied on the Vessel's credit in providing the above described necessaries.  Selgril did not require pre-payment but instead extended credit terms as reflected in the Invoices.

16.     Though demanded, no portion of the $140,305.93 owed under the Invoices, plus interest and costs, have been paid.

17.     Upon information and belief, the Vessel is or soon will be in this district.  According to the websites MarineTraffic.com and VesselFinder.com, the Vessel is scheduled to arrive in Newark Harbor in Newark, New Jersey on or about May 3, 2019.

18.     Exigent circumstances exist that make court review of this Verified Complaint and supporting papers impracticable, in that the Vessel could depart from Newark Harbor at any time, in which case Selgril's ability to enforce its maritime lien and obtain payment on the amounts owed would be lost.

19.     Selgril therefore respectfully requests that: (i) the clerk promptly issue a summons and warrant for the arrest of the Vessel, including her appurtenances, bunkers and other property subject to Selgril's maritime lien; and (ii) the United States Marshal be directed to serve the summons and warrant of arrest on the Vessel and/or her master.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

20.     Selgril respectfully incorporates the foregoing allegations as if fully stated herein.

21.     On or about October 29, 2018, Nordia Bulk, on behalf of the Vessel, requested that Selgril supply the Vessel with approximately 200 MT of marine fuel bunkers (IFO 380) while the Vessel was in port in Montevideo.  Nordia Bulk further agreed that any maritime agency expenses incurred by Selgril in connection with the supply of marine fuel bunkers to the Vessel would be for the account of Nordia Bulk and/or the Vessel.

22. Selgril fulfilled all of its material obligations under the agreement, including by supplying the Vessel with 200.064 MT of marine fuel bunkers.

23. The Vessel is obligated under the agreement to pay Selgril $140,305.93, plus interest and costs, for the supply of the marine fuel bunkers and related maritime agency expenses.  Though demanded, no part of this sum has been paid.

24. The agreement is a maritime contract.  As a supplier of necessaries to the Vessel, Selgril is entitled to a maritime lien over the Vessel, its cargos and bunkers with respect to the amounts owed under the agreement.

25. The Vessel is in breach of the above-described agreement, and Selgril has been damaged in an amount no less than $140,305.93, plus interest and costs.

**SECOND CAUSE OF ACTION**
**(In the Alternative, Account Stated)**

26. Selgril respectfully incorporates the foregoing allegations as if fully stated herein.

27. On or about October 29, 2018, Selgril supplied 200.064 MT of marine fuel bunkers to the Vessel, and incurred maritime agency expenses for services provided to the Vessel at the Port of Montevideo in connection therewith.

28. On November 1, 2018, Selgril issued the Fuel Supply Invoice to Nordia Bulk in the amount of $134,037.70.

29. On December 4, 2018, Selgril issued the Maritime Agency Expense Invoice to Nordia Bulk in the amount of $6,268.23.

30. Neither Nordia Bulk, the Vessel or anyone acting on their behalf objected to the Invoices.

31. Selgril is therefore entitled to a judgment against the Vessel in the amount of $140,305.93, plus interest and costs.

## **PRAYER**

WHEREFORE, plaintiff Selgril respectfully prays that:

A. The Court issue a warrant of arrest against the *M/V Medi Zuoz*, her appurtenances, bunkers and other property, *in rem*, pursuant to Rule C, and that all persons claiming an interest in the Vessel appear and answer the Plaintiff's Verified Complaint;

B. The *M/V Medi Zuoz*, her appurtenances, bunkers and other property be arrested pursuant to Rule C to the extent of Selgril's maritime lien against her in the amount of at least $140,305.93 plus interest, costs, and reasonable attorneys' fees;

C. The Court enter judgment in its favor against defendant the *M/V Medi Zuoz* and her appurtenances, bunkers and other property, in an amount of at least $140,305.93 plus interest, costs, and reasonable attorneys' fees; and

D. Selgril receive such further and other relief which this Court may deem just and proper.

Dated: New York, New York
　　　　May 2, 2019　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　HERBERT SMITH FREEHILLS NEW YORK LLP

　　　　　　　　　　　　　　　　　　By: */s/ Joseph G. Falcone*
　　　　　　　　　　　　　　　　　　　　Joseph G. Falcone
　　　　　　　　　　　　　　　　　　　　Peter J. Behmke (*pro hac vice pending*)
　　　　　　　　　　　　　　　　　　　　Michael P. Jones (*pro hac vice pending*)
　　　　　　　　　　　　　　　　　　450 Lexington Ave, 14th Floor
　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　Tel: (917) 542-7600
　　　　　　　　　　　　　　　　　　Fax: (917) 542-7601
　　　　　　　　　　　　　　　　　　Email: Joseph.Falcone@hsf.com
　　　　　　　　　　　　　　　　　　　　　　Peter.Behmke@hsf.com
　　　　　　　　　　　　　　　　　　　　　　Michael.Jones@hsf.com

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Selgril S.A.*

## **DECLARATION OF VERIFICATION**

Marcos Zinnato declares under penalty of perjury of the laws of the United States that the following is true and correct:

1. I, Marcos Zinnato, am a Director for plaintiff Selgril S.A in connection with the above-captioned action.

2. I have reviewed the foregoing Verified Complaint and the allegations contained therein.

3. Based upon my personal knowledge acquired in connection with my role as a Director for Selgril S.A., I verify that the factual allegations contained in the Verified Complaint are true and correct except that, to the extent the facts are asserted on information and belief, I believe those facts to be true based on my review of publicly available reporting concerning the Vessel, its owners, and its whereabouts.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated:   Montevideo, Uruguay
         May 2, 2019

By: _____
    Marcos Zinnato